IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | Criminal No.: 5:12 CR5 0018-001 |
| ) | |
| Mark Hoffman ) | |
| ) | |

## ORDER OF FORFEITURE

On April 5, 2012, Mark Hoffman, the defendant, pled guilty to the One Count Information charging the defendant with one count of Mail Fraud in violation of 18 U.S.C. § 1341. The Forfeiture Allegation of the Information alleges that certain property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation of 18 U.S.C. § 1341, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) should be forfeited.

Pursuant to the plea agreement, the United States and the defendant have agreed that the defendant shall forfeit $245,800.00 in U.S. Currency, which represents proceeds of the fraudulent scheme set out in the Information. The parties have stipulated and agreed this is a sum in aggregate that represents property that constitutes, or is derived from, or is traceable to the proceeds obtained from the commission of the offense of conviction. The defendant has further agreed that if he does not pay $245,800.00 in U.S. Currency at the time of his change of plea, then he must provide a list of all assets that he has an interest in that are valued in excess of $5,000.00. The defendant also agrees to execute any and all documents requested by the United States to facilitate or complete the forfeiture process.

Accordingly, it is hereby ORDERED, DECREED, AND ADJUDGED:

1. That a money judgment in the amount of $245,800.00 in U.S. Currency shall be entered against Mark Hoffman as proceeds obtained indirectly or directly from his conduct of which he is convicted.

2. That if the defendant does not pay $245,800.00 at the time of his change of plea, then he shall provide a list of all assets of which he has an interest in valued in excess of $5,000.00. He shall execute any and all documents requested by the United States to facilitate or complete the forfeiture process.

3. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this order the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein in this order and according to the terms of the plea agreement, to conduct any discovery the Court considers proper in identifying, locating, or disposing of the property.

4. Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1), no ancillary proceeding is required to the extent that a forfeiture consists of a money judgment.

5. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), an Order of Forfeiture becomes final as to the defendant at sentencing.

6. If the defendant does not pay the $245,800.00 in U.S. Currency, as he has agreed to in the plea agreement with the United States, and those assets:

   a. cannot be located upon the exercise of due diligence;

   b. have been transferred to, or deposited with a third party;

   c. have been placed beyond the jurisdiction of the Court;

then any other property of the defendant up to the value of the total amount of forfeited property shall be forfeited to the United States as substitute assets pursuant to 18 U.S.C. § 982(b)(1), incorporating by reference 21 U.S.C. § 853(p).

7. Regarding any substitute assets seized to satisfy this Order, the defendant shall be credited the appraised value of each asset, to be applied towards the $245,800.00 forfeited.

IT IS SO ORDERED this 5th day of April, 2012.

_____
Honorable Robert T. Dawson
U.S. District Court Judge

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 0 5 2012

CHRIS R. JOHNSON, Clerk
By
    Deputy Clerk